UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELMAR T. BATCHELOR,

       Plaintiff,                    CIVIL ACTION NO. 12-14835

       v.                              DISTRICT JUDGE MARK A. GOLDSMITH

WELLS FARGO BANK, N.A.,      MAGISTRATE JUDGE MARK A. RANDON

       Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANT'S MOTION TO DISMISS

**I.    INTRODUCTION**

This is a *pro se* consumer lending action. Plaintiff, Delmar T. Batchelor, alleges that Defendant violated the Real Estate Settlement Procedures Act ("RESPA") and was unjustly enriched when it securitized his home mortgage loan, without notice, and continued to accept his mortgage payments (Dkt. No. 1; Ex. A, Plaintiff's Verified Complaint). Plaintiff seeks damages in the amount of $881,550.00 (three times the amount of the loan) plus an unspecified amount of exemplary damages (*Id.* at ¶¶ 19, 26).

This matter is before the Court on Defendant's motion to dismiss and/or for summary judgment (Dkt. No. 4). Plaintiff responded (Dkt. No. 8), and Defendant replied (Dkt. No. 9).[1] On the day of oral argument, Attorney Lawrence Radden filed an Appearance on Plaintiff's

---

[1] Plaintiff simply argues that Defendant's motion should be denied because he is a *pro se* litigant whose Complaint must be liberally construed, dismissal would be "blatantly unfair" and his claims have merit (Dkt. No. 8 at pgs. 2, 8, 10). He does not provide any substantive argument as to why Defendant's motion should be dismissed.

behalf (Dkt. No. 10). And, the Court gave Attorney Radden until March 5, 2013 to file: (1) a motion for leave to amend Plaintiff's Complaint, or (2) an amended response to Defendant's motion (Dkt. No. 11). Nothing was filed.

Because Plaintiff failed to state a plausible unjust enrichment or RESPA claim and declined the Court's invitation to seek leave to amend, this Magistrate Judge **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.[2]

## II.   BACKGROUND

On September 13, 2011, Plaintiff and Defendant entered into a mortgage loan transaction for a property located at 1976 Scenic Drive, Milford, Michigan ("the Property") (Dkt. No. 1; Ex. A at ¶¶ 6-7). Plaintiff obtained a loan for $293,850.00 and, as security for the loan, gave Defendant a mortgage on the Property (*Id.* at ¶6).

On October 4, 2012, Plaintiff filed a Complaint in Oakland County Circuit Court for unjust enrichment and violation of RESPA. The case was removed to this Court on October 31, 2012 (Dkt. No. 1).

Plaintiff alleges that Defendant was unjustly enriched "by continuing to receive loan payments on a closed loan," "receiv[ing] the benefits of his original loan/note by using it without his consent as an asset to create additional funds for itself through the securitization and sale of Plaintiff's loan" and "retain[ing] the benefit of Plaintiff's original promissory note while still allowing . . . Defendant, as a purported [s]ervicer of Plaintiff's loan to . . . collect monthly

---

[2] Given the analysis that follows, this Magistrate Judge finds that any attempt to amend would be futile and assumes Attorney Radden reached the same conclusion.

payments and reap the financial rewards of the securitization of his loan evidenced by the note" (Dkt. No. 1; Ex. A at ¶¶ 8, 15, 18).[3] Essentially, Plaintiff claims Defendant extinguished the loan through securitization, but improperly continued to accept his payments (Dkt. No. 1; Ex. A at ¶¶ 11, 14-18). Plaintiff also alleges that Defendant violated RESPA (12 U.S.C. § 2601 *et seq.*), because it never disclosed: (1) that his loan would be resold to another lender (Freddie Mac); or (2) the entity that would service his loan (*Id.* at ¶¶ 22-23). Plaintiff is mistaken on both counts.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

---

[3]"Asset securitization is the structured process whereby interests in loans and other receivables are packaged, underwritten, and sold in the form of 'asset-backed' securities. This process enables credit originators to [t]ransfer some of the risks of ownership to parties more willing or able to manage them, [a]cess broader funding sources at more favorable rates, [s]ave some of the costs of on-balance-sheet financing, and [m]anage potential asset-liability mismatches and credit concentrations." *See* http://www.occ.gov/topics/capital-markets/financial-markets/securitization/index-securitization.html (last visited March 14, 2013).

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 555 (internal citation omitted). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibility" in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id.* at 678. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

A court may consider a document that is not formally incorporated by reference or attached to a complaint if the document(s) is referred to in the complaint and is central to the plaintiff's claim. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). The Court's consideration of the document(s) does not require conversion of the motion to one for summary judgment. *Id.* In an action challenging a mortgage foreclosure or a failure to make

required loan disclosures, this consideration may include documents "exchanged between Plaintiff[] and [his] mortgage lender at the time of the transaction at issue." *Marshall-Ford v. Wells Fargo Mortgage*, No. 08-15277, 2009 WL 2849524 at *1 n. 3 (E.D. Mich. Aug. 31, 2009). A court may also consider "matters of public record" when considering a motion to dismiss under Rule 12(b)(6). *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**IV.   ANALYSIS**

### A. *Unjust Enrichment*

Michigan law governs Plaintiff's unjust enrichment claim. "In order to sustain a claim of unjust enrichment, plaintiff must establish (1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 478 (2003) (citation omitted). If Plaintiff can establish these elements, the law will imply a contract to prevent unjust enrichment. *Id.* (citation omitted). "However, a contract will be implied *only* if there is no express contract covering the same subject matter." *Id.* (Emphasis added) (citation omitted).

Here, Plaintiff's rights and obligations to Defendant concerning his loan are governed by an express contract – the loan documents. Accordingly, Plaintiff's unjust enrichment claim lacks merit. *See Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 36-37 (2006).

Further, Plaintiff's argument – that Defendant's securitization of his loan relieved him of his obligation to pay on the note – has been consistently rejected by judges in this district and nationwide. *See Keyes v. Deutsche Bank Nat. Trust Co.*, No. 12-11619, 2013 WL 440191 at *11 (E.D. Mich. Feb. 5, 2013) ("[a]ttempts to base claims on the securitization of a mortgage and the alleged separation of the mortgage and note have not been well received by courts around the country") (citing *Leone v. Citigroup*, No. 12-10597, 2012 WL 1564698 at *4 (E.D. Mich. May 2, 2012) (collecting cases); *Mitchell v. Mortg. Elec. Registration Sys., Inc.*, No. 1:11-cv-425, 2012 WL 1094671 at *3 (W.D. Mich. Mar. 30, 2012); *Bhatti v. Guild Mortg. Co.*, No. C11-0480JLR, 2011 WL 6300229 at *5 (W.D. Wash. Dec. 16, 2011) ("Securitization merely creates a separate contract, distinct from the Plaintiffs' debt obligations under the Note, and does not change the relationship of the parties in any way")); *see also Marrocco v. Chase Bank, N.A.*, No. 12-10605,

2012 WL 3061031 at *2-3 (E.D. Mich. July 26, 2012) (rejecting the plaintiff's argument that the transfer of the note into a trust so the loan could be securitized and sold to investors rendered his mortgage "null and void," and finding no legal authority to support the plaintiff's belief that securitization of the loan resulted in the loan being "paid off by the Federal Government").

### B.  *Violation of RESPA*

Plaintiff alleges Defendant violated Section (6)(a)(1) of RESPA regarding disclosure and notice requirements by not disclosing that it intended to sell his loan to Freddie Mac and change the servicer of the loan (Dkt. No. 1; Ex. A at ¶¶ 21, 24).  *See* 12 U.S.C. § 2605(a):

> Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding.

As an initial matter, Defendant has always remained the servicer on the loan.  Plaintiff concedes that, after the loan was sold to Freddie Mac, the original lender (i.e., Defendant) remained the servicer for the loan (Dkt. No. 1; Ex. A at ¶23).  Additionally, attached to Plaintiff's Complaint is a letter from Freddie Mac that says, "Freddie Mac does not service your loan" and "[a]s of the date of this notice, the servicer of your mortgage loan is [Defendant]" (Dkt. No. 1; Ex. A at p. 23 (CM/ECF pagination)).

Defendant also complied with Section 2605(a) by disclosing to Plaintiff in the Uniform Residential Loan Application – completed and signed by Plaintiff at the time he applied for the loan – that "ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law" (Dkt. No. 4; Ex. B at p. 5 (CM/ECF pagination)).

Notwithstanding the fact that Plaintiff's RESPA claim lacks merit, this claim should also be dismissed because Plaintiff does not allege actual damages.  Plaintiff's loan is not default, and

he is not facing a mortgage foreclosure. Plaintiff's Complaint simply says if "Defendant is allowed to violate the RESPA [statute] without being punished as the law requires, [it] would allow [b]anks to violate the RESPA [statute] without fear of the penalty for such conduct" (Dkt. No. 1; Ex. A at ¶26). This is insufficient to state a valid RESPA claim. *See* 12 U.S.C. § 2605(f)(1)(A) (whoever fails to comply with this section is liable to the borrower for *actual damages* sustained by the borrower) (emphasis added); *see also Collins v. Wickersham*, 862 F.Supp.2d 649, 657 (E.D. Mich. March 23, 2012) ("A plaintiff asserting a claim under § 2605 must plead actual harm resulting from the violation") (citation omitted).

## V. CONCLUSION

Because Plaintiff failed to plead a plausible unjust enrichment or RESPA claim – and any attempt to amend would be futile – this Magistrate Judge **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                      s/Mark A. Randon
                                      MARK A. RANDON
                                      UNITED STATES MAGISTRATE JUDGE

Dated: March 15, 2013

### *Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, March 15, 2013, by electronic and/or first class U.S. mail.*

                                      *s/Eddrey Butts*
                                      *Acting Case Manager to Magistrate Judge Mark A. Randon*